UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Zacharia Yusuf Abdurahman,

    Defendant.

**AMENDED ORDER**
(CORRECTING SPELLING OF DEFENDANT'S MIDDLE NAME)
Crim. No. 15-49(05) (MJD/FLN)

_____

John Docherty and Andrew Winter, Assistant United States Attorneys, Counsel for Plaintiff.

Jon M. Hopeman and Marnie E. Fearon, Felhaber Larson, Counsel for Defendant.

_____

This matter is before the Court on the Defendant's Motion for Pretrial Release. [Doc. No. 145].

## I.    Background

The Defendant has been charged by Superseding Indictment with Conspiracy to Provide Material Support to a Designated Terrorist Organization and Attempting to Provide Material Support to a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.

1

By Order dated April 30, 2015, the Magistrate Judge ordered the Defendant detained pending trial. [Doc. No. 28] The Defendant appealed the detention order. The Court conducted a de novo review of the proceedings before the Magistrate Judge and considered the parties' submissions on appeal and denied the Defendant's motion for release. [Doc. No. 62]

Now before the Court is the Defendant's motion for pretrial release. In support of his motion, the Defendant has submitted a proposal which sets forth that the Defendant would either reside with his father or at a halfway house, with a number of conditions, such as executing an appearance bond, surrendering his passport, no violations of the law and no weapons. In addition, the Defendant proposes to become involved in the Nuruuliimaan Mosque and Islamic Institute. Specifically, the Defendant has outlined a particular curriculum that involves religious instructions, volunteer services, physical labor and the "Green Project for Muslim Youth." The Defendant has also listed a number of organizations with which he could become involved, including the Somali Youth Development Organization and the Minnesota Somali American Parent Association.

The government opposes the Defendant's motion for pretrial release. In a

recorded statement with a confidential human source ("CHS"), the Defendant stated with respect to a de-radicalization program proposed for co-defendant Yusuf "With me, all of us, we're hopeless, we're not gonna be in a program, bro. We will straight up serve time." He further stated "Radicalization it wasn't that big deal . . . Cause you're already, they know they cannot change you. Because you're an adult you know."

## II.   Standard Regarding Pretrial Release or Detention

A defendant may be detained pending trial if the Court finds there is no "condition or combination of conditions . . . [that] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Because the Defendant has been charged under 18 U.S.C. § 2339B, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(C); 18 U.S.C. § § 2332b(g)(5) (listing 18 U.S.C. § 2339B as a crime under this section). The Defendant therefore has the burden of producing evidence to rebut the presumption favoring detention.

Based on the parties' submissions, the Court finds that the Defendant has

again failed to meet his burden of producing evidence to rebut the presumption favoring detention. Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Pretrial Release [Doc. No. 145] is DENIED.

Date: July 9, 2015

s/ Michael J. Davis
Michael J. Davis
United States District Court.