UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                               **MEMORANDUM OPINION AND ORDER**
                                     Crim. No. 15-49 (05) (MJD)

Zacharia Yusuf Abdurahman,

    Defendant.
_____

John Docherty, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 958]

**I.    Background**

On September 17, 2015, Defendant pleaded guilty to Counts 1 of the Superseding Indictment which charged Conspiracy to Provide Material Support and Resources to members of ISIL, a Designated Foreign Terrorist Organization in violation of 18 U.S.C. § 2339B.

1

On November 14, 2016, Defendant was sentenced to a term of imprisonment of 120 months, followed by twenty years of supervised release. Defendant is scheduled to be released from custody of the Bureau of Prisons ("BOP") on November 21, 2023.

Defendant now moves the Court for an Order granting his motion for compassionate release based on his concerns of contracting COVID-19 and because his family needs his help to care for his grandmother, who suffers from multiple medical issues.

## II.    Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### III. Discussion

#### A. Exhaustion of Administrative Remedies

Defendant must first exhaust his administrative remedies before the Court can grant him any relief under § 3582(c)(1)(A).  Defendant filed a request for reduction in sentence to the warden, and his request was denied on June 29, 2020.  (Doc. No. 958-1 at 1.)  As Defendant did not submit his request as an exhibit to this motion, it is not clear whether Defendant presented the claim that he needed to provide care to his grandmother to the warden.  As discussed below, however, such claim is completely without merit.

#### B. Merits Determination

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" warranting the requested relief.  Defendant is 25 years old, and there is no claim or evidence that he suffers from a medical condition that increases his risk of serious illness should he contract COVID-19.

In addition, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with

symptoms of COVID-19 and those who come into contact with them.  At this time, the facility at which Defendant is housed, Pekin FCI, reports two current cases involving inmates, and 2 current cases involving staff. [www.bop.gov/coronavirus/index.jsp](www.bop.gov/coronavirus/index.jsp).

Defendant also reports that he has used his time wisely during his incarceration and has taken a number of educational and correspondence programs, and that he is currently working in UNICOR as a quality inspector. While the Court commends Defendant's efforts to obtain education and training, such efforts do not warrant a reduction in sentence.

Defendant also seeks a sentence reduction based on his family circumstances; specifically, that he needs to provide care to his grandmother. The Application Notes to USSG Section 1B1.13 define extraordinary and compelling reasons due to "Family Circumstances" as 1) the death or incapacitation of the caregiver of the defendant's minor children or 2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.  There is no provision concerning the care of another family member, such as a grandmother.  Further, it appears that Defendant has other family

members that can provide the necessary care for his grandmother.  Accordingly, Defendant has not demonstrated that extraordinary and compelling reasons due to Family Circumstances warrant his requested relief.

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of conspiracy to provide material support to a designated terrorist organization.  His offense conduct involved his efforts to join one of the most violent terrorist groups, ISIL.  After his failed attempt to board a flight in New York, he continued his efforts to travel to Syria, and then join ISIL, even though he was aware that he was a target of a federal investigation.  Crimes that involve acts of terrorism "represent[] a particularly grave threat because of the dangerousness of the crime and the difficulty of deterring and rehabilitating the criminal [] thus [] terrorists and their supporters should be incapacitated for a longer period of time."  United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003).  Defendant thus poses a risk to public safety.

The Court further finds that a sentence reduction would not reflect the seriousness of the offenses of conviction, promote respect for the law or provide a just punishment.  In addition, a sentence reduction would create unwarranted

sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 958] is **DENIED**.

Date:   September 28, 2020

                                                  s/ Michael J. Davis  
                                                  Michael J. Davis  
                                                  United States District Court